PERRY IP GROUP A LAW CORPORATION
E. LYNN PERRY (SBN 115165)
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone:     415.398.6300
Facsimile:     415.398.6306
Email:  lperry@perryip.com

Attorneys for Plaintiff,
Alan C. Merchant, M.D.


UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


ALAN C. MERCHANT, M.D., an
individual,

          Plaintiff,

          v.

INNOVATIVE MEDICAL PRODUCTS,
INC., a Connecticut corporation,
and DOES 1-10,

          Defendants.

Case No.:

**COMPLAINT FOR TRADEMARK
INFRINGEMENT (LANHAM ACT);
TRADEMARK INFRINGEMENT
(CALIFORNIA); FALSE DESIGNATION OF
ORIGIN; UNFAIR COMPETITION (CAL. B
& P § 17200); COMMON LAW UNFAIR
COMPETITION; INJURY TO BUSINESS
REPUTATION (CAL. B & P § 14330); FALSE
ADVERTISING (CAL. B & P § 17500)**


**JURY TRIAL DEMANDED**

COMPLAINT

1    Plaintiff ALAN C. MERCHANT, M.D., an individual ("Dr. Merchant" or "Plaintiff"), for his

2    complaint against defendant INNOVATIVE MEDICAL PRODUCTS, INC., a Connecticut

3    corporation ("IMP" or "Defendant"), and DOES 1-10 (collectively, "Defendants") alleges as follows:

4                              **JURISDICTION AND VENUE**

5        1.      This is an action for trademark infringement and false designation of origin arising

6    under the Lanham Act, 15 U.S.C. §§1051 et seq., and for related claims of state and common law

7    trademark infringement, injury to business reputation, unfair competition, and false advertising.  This

8    Court has jurisdiction over such claims under 15 U.S.C. §1121 (Lanham Act), 28 U.S.C. §1338 (a) &

9    (b) (trademarks, unfair competition, and copyrights), 28 U.S.C. §1331 (federal question), and 28

10   U.S.C. §1367 (supplemental jurisdiction).

11       2.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) because a substantial

12   part of the events or omissions giving rise to the claims alleged occurred here.

13                                  **THE PARTIES**

14       3.      Dr. Merchant is the former owner of Orthopedic Products, a medical product

15   development and sales sole proprietorship located at 151 North Sunrise Ave. #1005, Roseville,

16   California  95661.  Dr. Merchant founded Orthopedic Products in the early 1970s and, approximately

17   three years ago, transferred ownership of the business to his son and its present owner, Dr. Thomas C.

18   Merchant, M.D.  Dr. Merchant remains the owner of the trademark AXIAL VIEWER.  Orthopedic

19   Products developed and sells a medical positioning device under the AXIAL VIEWER mark.  The

20   device assists physicians and radiological technologists when positioning patients to allow consistent,

21   accurate, and distortion-free axial radiographs of the patello-femoral joints, at multiple angles.

22       4.      Plaintiff is informed and believes, and on that basis alleges, that defendant IMP is a

23   corporation organized and existing under the laws of the State of Connecticut, with its principal

24   place of business at 87 Spring Lane, Plainville, Connecticut 06062.  Plaintiff is further informed and

25   believes, and on that basis alleges, that Defendant is doing business in Northern California and

26   offering its services on the internet and elsewhere using the AXIAL VIEWER mark.

27       5.      Plaintiff is presently unaware of the true names and capacities of the defendants

28   named as "Does" herein.  Plaintiff is informed and believes and on that basis alleges that each of the

- 1 -

1    Doe defendants is legally liable and responsible directly or indirectly for the matters alleged in the

2    complaint.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of

3    the Doe defendants when they become known.

4          6.     Plaintiff is informed and believes and on that basis alleges that at all times mentioned

5    in this complaint, each of the Defendants, including Does 1 – 10, was the agent or principal or both

6    for one another, was acting within the scope of such agency when engaging in the conduct alleged in

7    this complaint, and is jointly and severally liable for all damages and profits arising from the conduct

8    alleged herein.

9    **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

10          7.     Dr. Merchant is the inventor and former marketer of a medical positioning device sold

11    under the AXIAL VIEWER mark.  The AXIAL VIEWER device assists medical personnel when

12    positioning patients and taking radiographs.  The device conveniently supports the patient's legs

13    while fixing it at any angle of knee flexion, from 20-90°.  The device therefore allows consistent,

14    accurate, and distortion-free radiographs of the patello-femoral joints, at multiple angles.

15          8.     The AXIAL VIEWER device is sold to hospitals, physicians' offices, other medical

16    facilities and medical supply companies.

17          9.     Dr. Merchant first marketed the device in commerce under the mark AXIAL VIEWER

18    on December 31, 1977.  Dr. Merchant or his licensee has since used AXIAL VIEWER continuously,

19    establishing substantial goodwill and reputation for the product and related services under this mark,

20    and causing the public to associate it as the sole and exclusive source of this product and its related

21    services.

22         10.    Dr. Merchant is the owner of all right, title, and interest in and to the federal trademark

23    registration for AXIAL VIEWER, Registration Number 3281240, issued on August 21, 2007, and

24    covering for x-ray diagnostic devices in International Class 10 (the "Registration").  A copy of the

25    Principal Register Registration, as found on the United States Patent and Trademark Office website,

26    is attached hereto as **Exhibit 1**.

27         11.    The Registration constitutes prima facie evidence of Dr. Merchant's exclusive right to

28    use this mark in commerce in connection with the goods specified in the registration.  Consumers

- 2 -

1    recognize and rely upon the AXIAL VIEWER mark, when used with products and services relating

2    to x-ray diagnostic devices, as an indicator of origin.  Dr. Merchant now licenses the trademark

3    AXIAL VIEWER exclusively to Orthopedic Products.

4           12.     Dr. Merchant also has substantial common law rights in the mark AXIAL VIEWER.

5    Since 1977, Dr. Merchant has continuously used AXIAL VIEWER as a trademark for medical devices

6    throughout the United States, Canada, South America and Great Britain.  Sales of Dr. Merchant and/or

7    Orthopedic Products' AXIAL VIEWER devices have exceeded $500,000 and 2,000 units.

8           13.     Dr. Merchant has invested substantially in advertising and promoting the mark

9    AXIAL VIEWER and the products and services offered under that mark.  As a result, the public has

10   come to know, rely upon, and recognize the mark AXIAL VIEWER as a symbol of Dr. Merchant's

11   goods and related services, and Dr. Merchant has established valuable goodwill therein.

12          14.     In approximately 1977, Dr. Merchant authored a drawing of the patello-femoral joint

13   as seen at an angle made possible by the AXIAL VIEWER positioning device, and a drawing of a

14   simulation of how the device can be adjusted ("Knee Image").  A copy of a flier featuring the Knee

15   Image is attached as **Exhibit 2**.  Dr. Merchant and the present owners of Orthopedic Products use the

16   Knee Image in promotional materials for the AXIAL VIEWER positioning device.  The Knee Image

17   illustrates the types of radiographs the device helps produce.  At all times relevant hereto, Dr.

18   Merchant has been and still is the proprietor of all right, title, and interest in and to the Knee Image.

19   Dr. Merchant now licenses the Knee Image exclusively to Orthopedic Products.

20                          **DEFENDANT'S UNLAWFUL ACTS**

21          15.     Plaintiff is informed and believes, and on that basis alleges that Defendant is using the

22   mark AXIAL VIEWER in connection with its sales of a nearly identical x-ray diagnostic device.

23   Defendant offers these x-ray diagnostic devices, also for supporting the legs and knees during a

24   radiograph, on its website at www.innovativemedical.com.  A true and correct copy of a portion of

25   Defendant's website offering the product with the AXIAL VIEWER mark is attached hereto as

26   **Exhibit 3**.

27          16.     Plaintiff is informed and believes, and on that basis alleges, that Defendant is selling

28   and promoting its goods and services throughout the United States, on the internet, and elsewhere.

- 3 -

1   Defendant has adopted and used AXIAL VIEWER for its x-ray diagnostic device despite Plaintiff's

2   established common law and federal registration rights in AXIAL VIEWER.  Plaintiff is informed

3   and believes, and on that basis alleges, that Defendant adopted its use of AXIAL VIEWER with full

4   knowledge of Dr. Merchant's and Orthopedic Products' business and Dr. Merchant's ownership of

5   the mark AXIAL VIEWER, and with the intention that consumers would be confused into believing

6   that Defendant's x-ray diagnostic device was sponsored, associated or affiliated in some way with

7   Orthopedic Products or Dr. Merchant.

8          17.     Plaintiff is informed and believes, and on that basis alleges that, to promote its

9   competing products and services, Defendant is using print and online advertisements that very closely

10  resemble those produced by Dr. Merchant and Orthopedic Products.  Indeed, portions of Defendant's

11  advertisements are nearly identical to those of Plaintiff, including the following:  an exact copy of the

12  Knee Image; use of the AXIAL VIEWER mark; a similar photograph of a patient's legs resting in the

13  featured positioning device; geometric shapes and dotted lines showing possible positioning angles;

14  and bullet points that include the words "Accurate" and "Distortion-Free." See Exhibit 3.  Plaintiff is

15  informed and believes, and on that basis alleges, that Defendant copied the Knee Image with full

16  knowledge of Plaintiff's exclusive rights to the Knee Image.  This copying demonstrates Defendant's

17  willfulness in appropriating Plaintiff's trademark.  Plaintiff further is informed and believes, and on

18  that basis alleges, that Defendant knew or should have known that its imitation of Dr. Merchant and

19  Orthopedic Products' advertising would be deceptive and misleading to the public.

20         18.     Such a combination of identical or nearly identical elements is likely to mislead the

21  public into believing that Defendant's product is sponsored, associated or affiliated in some way with

22  Dr. Merchant and/or Orthopedic Products.

23         19.     In using the trademark AXIAL VIEWER in connection with its offering of products

24  nearly identical to those offered by Orthopedic Products, Defendant is attempting to reap the benefits

25  of Plaintiff's continuous use of AXIAL VIEWER for its medical device business since 1977.

26         20.     Plaintiff's medical device and related goods and services and Defendant's medical

27  device and related goods and services are competitive as both target medical providers who take

28  radiographs of knees and legs.  Both parties are likely to attend the same trade shows.  For example,

- 4 -

COMPLAINT

1 | both Plaintiff and Defendant attended the annual meeting of the American Academy of Orthopedic

2 | Surgeons ("AAOS") in San Francisco recently.  The AAOS is the biggest industry meeting of the year.

3 | Defendant had an exhibit booth at the 2008 AAOS where it featured materials about its products.

4 |         21.     Because Plaintiff's products and services and Defendant's products and services are

5 | substantially related, it is natural for consumers to assume that said products and services and their

6 | sources are associated or affiliated.  Such a result significantly harms Plaintiff and undermines

7 | Plaintiff's substantial efforts to establish his identity in the highly competitive field of medical

8 | devices and related products and services.

9 |         22.     Plaintiff has no control over the nature and quality of Defendant's products.  Any

10 | failure, neglect, default or other negative association arising due to Defendant's promotion and sales

11 | of its products will reflect negatively on Plaintiff's reputation and goodwill.

12 |         23.     By letter dated November 16, 2007, Plaintiff, through its counsel, informed Defendant

13 | of Plaintiff's trademark and copyright rights and demanded that Defendant voluntarily cease and

14 | desist all use of AXIAL VIEWER and the Knee Image.  Defendant refused to cease and desist its

15 | infringing activities under the terms of the letter.

16 |         24.     By phone call on or about November 29, 2007, Dr. Merchant spoke with Alan A.

17 | Wasley, CEO of IMP, in an effort to persuade Defendant to stop its continued infringement of

18 | AXIAL VIEWER and the Knee Image.  Again, Defendant refused.

19 |         25.     By letter dated December 6, 2007, Plaintiff, through its counsel, again informed

20 | Defendant of Plaintiff's trademark and copyright rights and demanded that Defendant voluntarily

21 | cease and desist all use of AXIAL VIEWER and the Knee Image.  Defendant again refused to cease

22 | and desist its infringing activities under the terms of the letter.  Instead, Defendant offered to license

23 | AXIAL VIEWER from Plaintiff, stating that it had done this before with others.

24 |         26.     Therefore, despite Plaintiff's repeated requests, Defendant, with actual notice of the

25 | infringement, willfully and blatantly continue to advertise and market its products using Plaintiff's

26 | AXIAL VIEWER mark and Knee Image.  Said acts of infringement will cause further irreparable

27 | injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's

28 | rights.  Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement**
**(15 U.S.C. §1114)**

27.     Plaintiff realleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 26 as though fully set forth herein.

28.     Defendant's actions as described above and Defendant's use of AXIAL VIEWER to promote its products to the same customers as that of Plaintiff's medical devices and related products and services constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

29.     Defendant's adoption and use of AXIAL VIEWER in interstate commerce has caused, and continues to cause, irreparable injury to the value and goodwill of Plaintiff's AXIAL VIEWER mark, as well as to Plaintiff's business, goodwill, and reputation.  Defendant's actions, if not enjoined, will continue, including the offering, and sale of its products through the same channels of trade used by Orthopedic Products and to the same customers targeted by Orthopedic Products.  Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

30.     Plaintiff is informed and believes, and on that basis alleges, that Defendant's actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Plaintiff's rights.  Plaintiff is therefore entitled to recover its attorneys' fees and costs incurred in this action under Section 35 of the Lanham Act, 15 U.S.C. §1117.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement**
**(Cal. Bus. & Prof. Code §14335)**

31.     Plaintiff realleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

32.     Defendant's acts described above constitute trademark infringement in violation of California Business and Professional Code § 14335, as they are likely to deceive the public and cause confusion as to the source, sponsorship, affiliation, or other connection between the goods and services offered by Plaintiff and Defendant.

- 6 -

33.     Defendant's acts of trademark infringement have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law for Defendant's trademark infringement.

34.     Plaintiff is entitled to a judgment preliminarily and permanently enjoining and restraining Defendant from engaging in further infringement.

### THIRD CLAIM FOR RELIEF
### False Designation of Origin
### (15 U.S.C. §1125)

35.     Plaintiff realleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 34 as though fully set forth herein.

36.     The AXIAL VIEWER mark for x-ray diagnostic devices has become uniquely associated with, and hence identifies Plaintiff.  Defendant's use of the AXIAL VIEWER mark is a false designation of origin, or a false representation, that wrongfully and falsely suggests that Defendant's products originate from, or are connected with, Plaintiff, and constitutes a false description or representation in interstate commerce.  Defendant's use is likely to deceive consumers into believing that Defendant's products are those of, or associated with Plaintiff, and as a consequence, Defendant's use causes confusion that harms Plaintiff.

37.     Defendant's actions as described above and its use of the AXIAL VIEWER mark to promote its products and services to the same audience as that for Plaintiff's products and services constitute false designations of origin and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.  Defendant's adoption and use of the identical AXIAL VIEWER mark has caused, and continues to cause, irreparable injury to the value and goodwill of Plaintiff's business and reputation.  Defendant's actions, if not enjoined, will continue, including the offering, and sale of their products and services through the same channels of trade used by Plaintiff and to the same consumers targeted by Plaintiff.  Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

38.     Plaintiff is informed and believes, and on that basis alleges, that Defendant's actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and

- 7 -

1   constitute a knowing violation of Plaintiff's rights.  Plaintiff is entitled to recover its attorneys' fees

2   and costs incurred in this action under Section 35 of the Lanham Act, 15 U.S.C. §1117.

3                            **FOURTH CLAIM FOR RELIEF**
                                **Unfair Competition**
4                         **(Cal. Bus. & Prof. Code §17200)**

5        39.    Plaintiff realleges and reincorporates by reference each and every allegation contained

6   in paragraphs 1 through 38 as though fully set forth herein.

7        40.    Defendant's acts described above constitute unfair competition in violation of

8   California Business and Professional Code § 17200 et seq., as they are likely to deceive the public.

9        41.    Defendant's acts of unfair competition have caused and will continue to cause Plaintiff

10  irreparable harm.  Plaintiff has no adequate remedy at law for Defendant's unfair competition.

11       42.    Plaintiff is entitled to a judgment preliminarily and permanently enjoining and

12  restraining Defendant from engaging in further acts of unfair competition.

13                            **FIFTH CLAIM FOR RELIEF**
                                **Unfair Competition**
14                                **(Common Law)**

15       43.    Plaintiff realleges and reincorporates by reference each and every allegation contained

16  in paragraphs 1 through 42 as though fully set forth herein.

17       44.    Plaintiff owns and has used the words AXIAL VIEWER as a distinctive trademark

18  throughout the United States since 1977 in connection with the marketing and sale of x-ray diagnostic

19  devices.  AXIAL VIEWER is a valid trademark under the common law in California.

20       45.    Defendant's unauthorized use of AXIAL VIEWER constitutes infringement and unfair

21  competition in violation of the common law in California.

22       46.    Defendant's wrongful acts have caused and will continue to cause Plaintiff irreparable

23  harm.  Plaintiff has no adequate remedy at law.

24       47.    Plaintiff is entitled to a judgment preliminarily and permanently enjoining and

25  restraining Defendant from engaging in further acts of infringement and unfair competition.

26

27

28

- 8 -

**SIXTH CLAIM FOR RELIEF**
**Injury to Business Reputation**
**(Cal. Bus. & Prof. Code § 14330)**

48.    Plaintiff realleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 47 as though fully set forth herein.

49.    Defendant's acts, as pleaded above, have caused injury and there exists a further likelihood of injury, to Plaintiff's business reputation and of dilution of the distinctive quality of Plaintiff's AXIAL VIEWER mark and forms of advertisement of same, within California Business and Professions Code §14330.

**SEVENTH CLAIM FOR RELIEF**
**False Advertising**
**(Cal. Bus. & Prof. Code §17500)**

50.    Plaintiff realleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 49 as though fully set forth herein.

51.    Defendant's advertising materials, close imitations of the advertising produced by Orthopedic Products, are deceptive and misleading because they suggest to the public that Defendant's products are sponsored, associated or affiliated in some way with Orthopedic Products and Plaintiff.

52.    Plaintiff further is informed and believes, and on that basis alleges, that Defendant knew or should have known that its imitation of Orthopedic Products' advertising would be deceptive and misleading to the public.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests:

1.    That Defendant, its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

      (a) Using the AXIAL VIEWER trademark or any confusingly similar designations alone or in combination with other words, as a trademark, service mark, trade name component or otherwise to market, advertise or identify Defendant's medical device products services, or any product or service substantially similar thereto;

- 9 -

COMPLAINT

1        (b) Otherwise infringing Plaintiff's trademark;

2        (c) Unfairly competing with Plaintiff in any manner whatsoever;

3        (d) Falsely advertising; and

4        (e) Causing injury to the business reputation of Plaintiff or its trade symbols.

5      2.     That Defendant be directed to file with this Court and serve on Plaintiff within ten (10)

6 days after the service of the injunction herein, a report in writing under oath, setting forth in detail the

7 manner and form in which Defendant has complied therewith;

8      3.     That Defendant be required to deliver up and destroy all literature, advertising and

9 other material bearing the infringing designations;

10     4.     That Plaintiff be awarded past and future corrective advertising costs;

11     5.     That Plaintiff recover from Defendant its reasonable attorneys' fees and costs in this

12 suit; and

13     6.     That Plaintiff has such other and further relief as the Court may deem just.

14               **CERTIFICATION OF INTERESTED ENTITIES OF PERSONS**

15 Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

16 parties, there is no such interest to report.

17

18 Dated:  April 8, 2008         PERRY IP GROUP A LAW CORPORATION

19

20                     By: _____

21                          E. Lynn Perry

22                   Attorneys for Plaintiff
                       ALAN C. MERCHANT, M.D.

23

24

25

26

27

28

- 10 -

1

**DEMAND FOR JURY TRIAL**

2       Plaintiff ALAN C. MERCHANT, M.D. demands a jury trial as provided for in Rule 38

3   Federal Rules of Civil Procedure.

4

5   Dated:   April 8, 2008                        PERRY IP GROUP A LAW CORPORATION

6

7                                           By: _____

8                                                E. Lynn Perry

9                                           Attorneys for Plaintiff
                                            DR. ALAN C. MERCHANT, M.D.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

**EXHIBIT 1**

Trademark Electronic Search System (TESS)                                    Page 1 of 1



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sat Mar 1 04:12:53 EST 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start | List At: [        ] OR Jump | to record: [        ]  **Record 1 out of 2**

TARR Status | ASSIGN Status | TDR | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# AXIAL VIEWER

| | |
|---|---|
| **Word Mark** | **AXIAL VIEWER** |
| **Goods and Services** | IC 010. US 026 039 044. G & S: X-RAY DIAGNOSTIC APPARATUS. FIRST USE: 19771231. FIRST USE IN COMMERCE: 19771231 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 76629644 |
| **Filing Date** | January 27, 2005 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 4, 2006 |
| **Registration Number** | 3281240 |
| **Registration Date** | August 21, 2007 |
| **Owner** | (REGISTRANT) MERCHANT, ALAN C. INDIVIDUAL UNITED STATES 124 MARVIN AVE. LOS ALTOS CALIFORNIA 94022 |
| **Attorney of Record** | Otto O. Lee |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F) |
| **Live/Dead Indicator** | LIVE |

**EXHIBIT  2**

# The Axial Viewer™

**Gives:**
- **Accurate**
- **Distortion-Free**
- **Reproducible**

## "SKYLINE" X-RAYS







(Reference: Merchant, et al: JBJS,
Vol. 56-A, No. 7, pp. 1391-1396, Oct. 1974)

The AXIAL VIEWER is a knee support and cassette holder which acts as a jig to align the patient, film, and tube to produce consistent, accurate, and distortion-free axial radiographs of the patello-femoral joints at any angle of knee flexion from 20° to 90°.

- **FREE STANDING**
  - requires no attachments
- **HEIGHT ADJUSTABLE**
  - for use with any x-ray table

- **FOLDS FLAT**
  - for compact storage
- **STURDY**
  - hardwood construction

**EXHIBIT  3**

IMP Medical Products, Inc. - Axial Viewer



# *imp* Innovative
## Medical Products, Inc.
### *A GLOBAL LEADER IN PATIENT POSITIONING*

About IMP | What's New | Products | Become a Representative | Contact Us

87 Spring Lane, Plainville, CT 06062
860-793-0391 • 800-467-4944

GO

CE

(Cat. #401)

## *Axial Viewer*

- Allows distortion-free axial radiographs of the patellofemoral joint
- Various angles of knee flexion 30° to 90°
- Prevents knee rotation
- Holds any size x-ray cassette
- High grade polyethylene construction

*Return to Positioning Aids*
*Product Brochure*
*More Info*
*Return to Knee Products*

**IMP...THE OPERATIVE WORD**
**IN PATIENT POSITIONING**

© 2006 IMP Inc.





**imp** *Innovative*
*Medical Products, Inc.*

*A GLOBAL LEADER IN PATIENT POSITIONING*

87 Spring Lane, Plainville, CT 06062
860/793-0391 • 800-467-4944

About IMP | What's New | Products | Become a Representative | Contact Us

GO

### Knee Positioners, Knee Holders & Leg Holders for Patient Positioning

**Universal Knee Positioner™**

**De Mayo Knee Positioner™**

O.R. Table Pads

Knee Positioner Sterile Protective Pad & Wrap

Knee Positioner Sterilization Storage Container

**De Mayo Steri-Post™ Stress Post for Arthroscopy**

De Mayo Steri-Post™ Sterile Protective Pads

**Tibial Distractor™**

Tibial Distractor™ Sterile Protective Pad

**Knee Positioning Triangles™**

Knee Positioning Triangle™ Sterile Protective Pads

**Axial Viewer**

*Positioner Brochure*
*Video's*
*- Product Overview*
*- Complete*
*More Info*

# CIVIL COVER SHEET

✎ JS 44  (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

ALAN C. MERCHANT, M.D., an individual

### DEFENDANTS

INNOVATIVE MEDICAL PRODUCTS, INC., a Connecticut corporation, and DOES 1-10

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

PERRY IP GROUP a Law Corporation,
E. LYNN PERRY (SBN 115165)
Four Embarcadero Center, 39th Floor, San Francisco, CA 94111
Telephone: (415) 398-6300; Fax: (415) 398-6306

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Determination Under Equal Access |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sections 1051, et seq.

Brief description of cause:
Trademark Infringement; Unfair Competition

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  4-8-08

SIGNATURE OF ATTORNEY OF RECORD